UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SCOTT A. NIRK,

    Plaintiff,

v.

SETERUS, INC., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
_____/

Case No. 0:17-cv-61786-KMW

Honorable Kathleen M. Williams
Judge Presiding

Honorable Alicia O. Valle
Magistrate Judge

**SETERUS'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS COUNT IV – VII OF PLAINTIFF'S COMPLAINT**

Defendant, Seterus, Inc. ("Seterus"), by its attorneys, submits its Reply in Support of its Motion to Dismiss Counts IV – VII of plaintiff Scott A. Nirk's ("Plaintiff") complaint ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6):

**Introduction**

Initially, as Plaintiff has withdrawn Counts VI and VII of the Complaint, this Court should grant Seterus's Motion to Dismiss these purported claims pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice, and without leave to amend.

Plaintiff's response to Seterus's Motion to Dismiss ("Response") relies upon inapposite authority and unsupported arguments that fail to set forth any basis for the Court to deny the Motion. Thus, this Court should conclude that no private right of action exists under 12 C.F.R. § 1024.35 and dismiss Counts IV and V of the Complaint.

**Argument**

Seterus acknowledges that the Eleventh Circuit's opinion in *Willson* does not affirm on the grounds that no private right of action pursuant to section 1024.35 exists, nor addresses the lower court's conclusion of same.

Seterus further acknowledges that Courts are split as to whether 1024.35 provides a private right of action for damages. *See Miller Miller v. HSBC Bank USA, N.A.,* 2015 U.S. Dist. LEXIS 16736, *25 (S.D.N.Y. Feb 11, 2015) "[b]ecause Section 1024.35 includes the remedies available, and because a private right of action for alleged damages is not among them, Miller's notice of error claim is rejected." 2015 U.S. Dist. LEXIS 16736, 2015 WL 585589, at *11 (citing *Nat'l R.R. Passenger Corp.* v. *Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458, 94 S. Ct. 690, 38 L. Ed. 2d 646 (1974) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies")); *cf. Brown* v. *Bank of N.Y. Mellon*, No. 1:16-CV-194(LMB/IDD), 2016 U.S. Dist. LEXIS 61467, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) ("With respect to plaintiff's Regulation X claims in Counts II-V, defendants correctly argue that 12 C.F.R. §§ 1024.35, 1024.39, and 1024.40 do not explicitly provide a cause of action to private individuals."); but see *Lucero v. Cenlar, FSB*, No. C13-0602RSL, 2014 WL 12026660, at *5 (W.D. Wash. Oct. 3, 2014); *Norris v. Bayview Loan Servicing, LLC*, No. CV1506413MWF (DTBx), 2015 WL 6745048, at *9–10 (C.D. Cal. Oct. 26, 2015); *Frank v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 3055901, at *5 (N.D. Cal. May 31, 2016); *Genid v. Fed. Nat'l Mortg. Ass'n & Seterus, Inc.*, 2016 WL 4150455, at *3 (D.N.J. Aug. 2, 2016); *Nash v. PNC Bank, N.A.*, No. CV TDC-16-2910, 2017 WL 1424317, at *6 (D. Md. Apr. 20, 2017); *Johnson v. Specialized Loan Servicing, LLC*, No. 3:16-CV-178-J-MCR, 2017 WL 4877450, at *3 (M.D. Fla. Oct. 24, 2017).

However, as outlined in Seterus's motion to dismiss, the better reading of 12 C.F.R. § 1024.35 is that it does not provide a private right of action. Moreover, Counts IV and V of the Complaint do not reference 12 U.S.C. § 2605 and fail to request relief in the form of damages as expressly provided under 12 U.S.C. § 2605. In fact, the Notices of Error that are the subjects of Counts III and IV of the Complaint do not declare that they are qualified written requests pursuant to 12 U.S.C. § 2605, but instead hold themselves out to be notices of error pursuant to 1024.35. *See* Compl. at Exs. 20 [D.E. 1-23], 28 [D.E. 1-31].

Plaintiff's Response primarily relies upon the Eleventh Circuit's opinion in *Loge*, which stated in its "BACKGROUND" section regarding Regulation X that "[i]f the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA." *Loge* is distinguishable from the case at bar, because the Eleventh Circuit made this observation as dicta in its background fact section. The defendant did not argue and the Eleventh Circuit did not address in its holding whether a private right of action pursuant to 1024.35 exists. Instead, the Eleventh Circuit affirmed summary judgment in favor of the defendant on other grounds. Thus, the dicta in *Loge* is not binding on this Court. *See, e.g.*, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1315 (11th Cir. 1998) (Carnes, J., concurring) ("For these reasons, among others, dicta in our opinions is not binding on anyone for any purpose."), *quoted with approval*, *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1285 (11th Cir. 2004) (Tjoflat, J.).

As such, for the reasons outlined in its motion to dismiss, Seterus maintains that the better reading of section 1024.35 that this Court should adopt to dismiss Plaintiff's claims in Counts IV and V is that no private right of action exists.

## Conclusion

WHEREFORE, Seterus respectfully requests that this Court grant its Motion to Dismiss Counts IV – VII with prejudice and without leave to amend, and provide such further and additional relief as this Court deems just and appropriate.

Dated:  December 20, 2017                    Respectfully submitted,

                                              **SETERUS, INC.,**

                                By:    /s/ Christopher P. Hahn
                                      Christopher P. Hahn, Esq.
                                      MAURICE WUTSCHER LLP
                                      Florida Bar No. 87577
                                      110 E. Broward Blvd., Suite 1700
                                      Fort Lauderdale, FL 33301
                                      Tel: (772) 237-3410
                                      Fax: (866) 581-9302
                                      E-mail: chahn@MauriceWutscher.com

## Certificate of Service

The undersigned hereby certifies that on this **20th day of December, 2017**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

                                                              /s/ Christopher P. Hahn