UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-61786-WILLIAMS/VALLE

SCOTT A. NIRK,

      Plaintiff,

v.

SETERUS, INC. and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

**THIS MATTER** is before the Court on Defendant Seterus, Inc.'s ("Seterus") Motion to Dismiss Counts IV-VII of Plaintiff's Complaint (ECF No. 12) (the "Motion"). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 30). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 19), and Seterus' Reply (ECF No. 22), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART** for the reasons set forth below.

## I.      BACKGROUND

Seterus services the mortgage on Plaintiff's home. (ECF No. 1 ¶ 3). In this action, Plaintiff alleges that Seterus committed several errors servicing and reporting the mortgage and that Seterus did not properly acknowledge and respond to Plaintiff's requests for information and notices of error. *See generally id.; see also* (ECF No. 12 at 2). Plaintiff asserts numerous claims

based on these allegations, but only Counts IV and V of Plaintiff's Complaint are now at issue.[1] Counts IV and V are both brought under 12 C.F.R. § 1024.35 of Regulation X, which implements the Real Estate Settlement Procedures Act ("RESPA").   In Count IV, Plaintiff alleges that Seterus violated Section 1024.35(e) by failing to timely respond to a notice of error and failing to perform a reasonable investigation into the alleged errors.  (ECF No. 1 ¶¶ 136-161).   In Count V, Plaintiff alleges that Seterus violated Section 1024.35(i)(1) by improperly furnishing adverse credit information to a consumer reporting agency regarding payments that were the subject of a notice of error.  *Id.* ¶¶ 162-178.  Seterus seeks dismissal of these claims solely on the ground that there is no private right of action for violations of Section 1024.35. (ECF No. 12 at 3-4).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).   Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  *Twombly*,

---

[1] While the Motion seeks dismissal of Counts IV-VII, in response to the Motion, Plaintiff withdrew Counts VI and VII.  (ECF No. 19 at 2).  As such, the undersigned recommends that these claims be dismissed with prejudice.

550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that

the plaintiff will be able to prove all of the necessary factual allegations.  *Id.*  Accordingly, a

well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is

very remote and unlikely."  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.   ANALYSIS

The only issue presented in Seterus' Motion is whether 12 C.F.R. § 1024.35 provides a

private right of action.  Seterus argues that it does not because while other sections promulgated

under RESPA explicitly provide a private cause of action by referring to remedies under 12

U.S.C. § 2605(f), Section 1024.35 makes no such reference.  (ECF No. 12 at 3).[2]  Seterus

acknowledges that "Courts are split as to whether 1024.35 provides a private right of action for

damages," but maintains that "the better reading of 12 C.F.R. § 1024.35 is that it does not

provide a private right of action."  *Id.* at 2-3.  The problem for Seterus, however, is that the

Eleventh Circuit is on the side of the split of authority that recognizes a private cause of action

under Section 1024.35.  *See Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th

Cir. 2016) ("If the servicer fails to respond adequately to the borrower's notice of error, then the

borrower has a private right of action to sue the servicer under RESPA."); *Renfroe v. Nationstar*

*Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016).  Moreover, as discussed below, even if the

Court were to accept Seterus' argument that the Eleventh Circuit's pronouncements on this issue

---

[2] Seterus also appears to argue that dismissal of Counts IV and V is warranted based on
Plaintiff's failure to reference 12 U.S.C. § 2605(f) in Counts IV or V or request relief in the form
of damages provided under Section 2605(f).  (ECF No. 22 at 3).  Seterus, however, raised this
argument for the first time in its Reply, and it is therefore not properly considered.  *See, e.g.*,
*Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly
have admonished, 'arguments raised for the first time in a reply brief are not properly before a
reviewing court.'") (quoting *United States v. Coy*, 19 F.3d 629, 632 n.7 (1994)).

are merely non-binding dicta, the better reading of Section 1024.35 is that it does provide a private right of action.

First, Seterus' assertion that there is no private right of action for violations of Section 1024.35 is contrary to Eleventh Circuit jurisprudence. *See Lage*, 839 F.3d at 1007; *Renfroe*, 822 F.3d at 1245. This should end the inquiry. Seterus, however, argues that *Lage* is not binding on this Court because the statements in that opinion regarding a private right of action under 1024.35 are dicta. (ECF No. 22 at 3). "Statements in an opinion that are not 'fitted to the facts,' or that extend 'further than the facts of that case,' or that are 'not necessary to the decision of an appeal given the facts and circumstances of the case,' are dicta." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) (citations omitted). "[D]icta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010).

Seterus is correct that the *Lage* court was not directly faced with deciding the issue of whether there is a private right of action for violations of Section 1024.35. Rather, in *Lage*, the district court had granted summary judgment to a loan servicer on the borrower's Section 1024.35 claim because it had "concluded that [the] [b]orrowers had presented sufficient evidence to prove a violation of the regulation but failed to provide evidence of statutory or actual damages as required to sustain a claim under § 1024.35(e)." 839 F.3d at 1008. The Eleventh Circuit affirmed based on the borrower's failure to present evidence that they suffered actual damages or were entitled to statutory damages. *Id.* at 1005. In setting forth the legal principles governing the borrower's claims, however, the Eleventh Circuit explained the obligations of servicers with respect to notices of error submitted by borrowers and, importantly, stated that "[i]f the servicer fails to respond adequately to the borrower's notice of error, then the borrower

4

has a private right of action to sue the servicer under RESPA." *Id.* at 1007 (citing 12 U.S.C. § 2605(e)(2), (f)).

In arguing that this statement is non-binding dicta, Seterus characterizes it as merely an "observation . . . in [the opinion's] background fact section." (ECF No. 22 at 3). But the Court is not persuaded that the Eleventh Circuit's view on this issue can be cast aside so easily, even if it may not have been strictly necessary to the specific holding in *Lage*. For one, there is authority supporting this Court's adherence to the explanations of the governing rules of law by higher courts. *See Cty. of Allegheny v. Am. Civil Liberties Union, Greater Pittsburgh Chapter,* 492 U.S. 573, 668, 109 S. Ct. 3086, 106 L. Ed. 2d 472 (1989) (KENNEDY, J., concurring in judgment in part and dissenting in part) ("As a general rule, the principle of *stare decisis* directs us to adhere not only to the holdings of our prior cases, but also to their explications of the governing rules of law."); *Int'l Truck & Engine Corp. v. Bray,* 372 F.3d 717, 721 (5th Cir. 2004) ("A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.") (citation and internal quotation marks omitted). Moreover, even if the Eleventh Circuit's statements in *Lage* regarding a private right of action under Section 1024.35 were merely dicta and were not binding on this Court, "[d]icta can, of course, have persuasive value." *Pretka*, 608 F.3d at 762. Thus, even if the Court were not bound to follow *Lage*, the Eleventh Circuit's statement in that opinion regarding the existence of a private right of action under Section 1024.35 is nevertheless highly persuasive.

Notably, *Lage* is not the only time that the Eleventh Circuit has recognized a private right of action under Section 1024.35. In *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241, 1243

5

(11th Cir. 2016),[3] the plaintiff claimed that her mortgage servicer "had violated RESPA by failing to reasonably investigate the error she pointed out in her account, by failing to adequately respond to her notice of error, and by failing to refund her overpayments."  The district court granted the mortgage servicer's motion to dismiss for failure to state a claim, but the Eleventh Circuit reversed, holding that the plaintiff had stated a RESPA violation because she plausibly alleged:

> (1) that Nationstar did not offer a "written explanation" stating the "reason or reasons for [its] determination," in violation of 12 U.S.C. § 2605(e)(2)(B) ***and 12 C.F.R. § 1024.35(e)(1)(i)(B)***;
>
> (2) that this failure indicated Nationstar's investigation was unreasonable, in violation of 12 U.S.C. § 2605(e)(2)(B) ***and 12 C.F.R. § 1024.35(e)(1)(i)(B)***; and
>
> (3) that Nationstar's unreasonable investigation prevented it from discovering and appropriately correcting the account error, in violation of 12 U.S.C. § 2605(e)(2)(A) and ***12 C.F.R. § 1024.35(e)(1)(i)(A)***.

*Id.* at 1245 (emphasis added).  Seterus makes no attempt to distinguish *Renfroe*, and the Eleventh Circuit's recognition of a private right of action under Section 1024.35 in *Renfroe* is clearly not dicta.  This binding precedent requires the Court to deny Seterus' Motion as to Counts IV and V.

Moreover, even if Seterus is correct that there is no current private right of action under Section 1024.35 in Eleventh Circuit jurisprudence, the Court nevertheless concludes that the better reading of Section 1024.35 is that it does provide a private right of action.  As Plaintiff notes, many of the cases relied upon by Seterus spring from *Miller v. HSBC Bank U.S.A., N.A.*, No. 13-cv-7500, 2015 WL 585589 (S.D.N.Y. Feb. 11, 2015).  There, the court held that Section 1024.35 does not provide a private right of action "[b]ecause Section 1024.35 includes the remedies available, and because a private right of action for alleged damages is not among

---

[3] Seterus does not address *Renfroe*, which was also cited in Plaintiff's Response.  (ECF No. 12 at 3).

them." *Id.* at *11.  The *Miller* court thus relied on the principle that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."  *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers,* 414 U.S. 453, 458 (1974)).

But Section 1024.35 does not expressly provide "a particular remedy or remedies."  The *Miller* court pointed to Section 1024.35(i), entitled "Effect of servicer remedies," but this subsection plainly only addresses the effect that a notice of error from a borrower has on the servicer's already existing legal rights and remedies—it does not create any new remedies.  Specifically, Section 1024.35(i)(1) provides that for the sixty days following receipt of a notice of error, a servicer "may not . . . furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the notice of error."  Section 1024.35(i)(2) then affirms that, with limited exceptions, "nothing in this section shall limit or restrict a lender or servicer from pursuing any remedy it has under applicable law, including initiating foreclosure or proceeding with a foreclosure sale."  Thus, as Section 1024.35 does not expressly provide for any remedies, recognizing a private cause of action for violations of Section 1024.35 cannot be said to impermissibly expand upon the statute's remedies.

Seterus also relies upon *Willson v. Bank of Am., N.A.*, No. 15-cv-14303, 2016 WL 8793204 (S.D. Fla. May 2, 2016).  Not only was *Willson* decided prior to *Lage* and *Renfroe*, but the *Willson* court only briefly discussed Section 1024.35, finding on summary judgment that it does not provide a private right of action because, unlike other sections promulgated under RESPA, it does not explicitly refer to remedies under 12 U.S.C. § 2605(f).[4]  *Id.* at *8.  This

---

[4] Moreover, Seterus acknowledges that in deciding *Willson,* the Eleventh Circuit did "not affirm on the ground that no private right of action  . . . exists, nor [did it address] the lower court's conclusion of same."  (ECF No. 22 at 2).

analysis, however, overlooks the fact that Section 1024.35 was promulgated pursuant to Section 6 of RESPA, *see* 78 Fed. Reg. 10737 (Feb. 14, 2013), and that the Consumer Financial Protection Bureau—which is tasked with establishing the requirements necessary to carry out Section 6 of RESPA, *see* 12 U.S.C. § 2605(j)(3)—has stated that "regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations." 78 Fed. Reg. 10715 n.64 (Feb. 14, 2013).

Lastly, RESPA is a remedial consumer protection statute, and should be construed liberally. *Renfroe*, 822 F.3d at 1244. Thus, in light of the clear evidence of an intent that Section 1024.35 provide a private right of action and the decisions from the Eleventh Circuit and other jurisdictions[5] recognizing such a right of action, the Court concludes that Plaintiffs' Motion should be denied as to Counts IV and V of Plaintiff's Complaint.

## IV.    RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant Seterus, Inc.'s Motion to Dismiss Counts IV-VII of Plaintiff's Complaint (ECF No. 12) be **GRANTED IN PART**. Specifically, Counts VI and VII of Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE**. The Motion should be **DENIED** in all other respects.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b) (allowing 14 days for written objections unless a different time is prescribed by the Court). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[5] *See* (ECF No. 19 at 3-4) (collecting cases).

8

conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas*

*v. Arn*, 474 U.S. 140 (1985).

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 21, 2018.


ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE


cc:    U.S. District Judge Kathleen Williams
       All Counsel of Record